UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUSTIN JANSEN,<br><br>        Plaintiff,<br><br>v.<br><br>MONTY COBB; COUNTY OF MASON,<br><br>        Defendants. | Case No. 3:23-cv-05840-TMC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT |

Before the Court are pro se Plaintiff Austin Jansen's amended motion for summary judgment (Dkt. 12), Defendant County of Mason's ("Mason County" or "the County") motion to dismiss (Dkt. 14), and Mr. Jansen's second motion for summary judgment (Dkt. 18). Having considered the motions, associated responses (Dkt. 19, 20), and reply (Dkt. 23), the Court GRANTS Defendants' motion to dismiss but gives Mr. Jansen leave to amend his disability discrimination claim and DENIES Mr. Jansen's motion for summary judgment.

## I. BACKGROUND

On September 18, 2023, Mr. Jansen filed his complaint against Defendants alleging violations of his civil and constitutional rights due to: (1) Judge Cobb's conduct as a Washington State Superior Court judge presiding over an underlying case involving Mr. Jansen in Mason County (the "underlying case"), Dkt. 1 at 8–9, and (2) Mason County allowing "Constitutional

Violations / Disability Discrimination to be upheld," *id*. at 9. On November 11, 2023, Mr. Jansen moved for summary judgment. Dkt. 12. On November 20, 2023, Defendants moved to dismiss for failure to state a claim. Dkt. 14. On December 2, 2023, Mr. Jansen filed an amended motion for summary judgment, *see* Dkt. 18, much like his initial motion for summary judgment, *see* Dkt. 12.

Mr. Jansen's complaint alleges that Judge Cobb allowed the underlying case to proceed with insufficient service of process. Dkt. 1 at 8. Mr. Jansen also alleges that Judge Cobb denied him sufficient time to file a response in the underlying case and wrongfully failed to terminate the case when the opposing corporate party admitted it did not have a business license. *Id*. Mr. Jansen also asserts that he was the victim of disability discrimination because Judge Cobb denied him adequate accommodations for a severe traumatic brain injury ("TBI") by failing to provide Mr. Jansen (among other things): court-appointed counsel, sufficient time to respond to filings, and assistance with communications. *See id.* at 9, 13–15. Lastly, Mr. Jansen alleges that Mason County wrongfully upheld Judge Cobb's adjudication of the underlying case and failed to remedy the disability discrimination he suffered during those proceedings. *See id*. Mr. Jansen's motions for summary judgment summarize the above claims but have no supporting evidence. *See* Dkt. 12, 18.

Mason County's motion to dismiss asserts that Mr. Jansen has failed to state a claim against the County because counties cannot overrule or "nullify" judges and are not vicariously liable for their actions. Dkt. 14 at 2. Mason County also argues Mr. Jansen has not sufficiently alleged direct liability against the County because he has identified no policy or custom as the "moving force" behind the alleged violations he suffered. *Id*. Mason County asserts that Mr. Jansen has alleged no violations of his constitutional or other rights by the County. *Id*.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT - 2

Mr. Jansen responds that the County remains liable because he alleges it employs Judge Cobb. Dkt. 20. He also asserts that judicial immunity should not apply to Judge Cobb because the actions taken during the underlying case were wrongful and therefore "out of the scope" of Judge Cobb's official judicial capacity. *Id*. at 3. Mr. Jansen also argues that Judge Cobb committed fraud upon the Mason County Superior Court in the underlying case, and that the underlying judgment is therefore invalid. *See id.* at 4.

In Defendants' joint reply (Dkt. 23) to Mr. Jansen's response (Dkt. 20), they maintain that because of judicial immunity, Mr. Jansen's claims against Judge Cobb should be dismissed because they all concern actions Judge Cobb took in his official judicial capacity presiding over the underlying case. Dkt. 23. Defendants also reassert that Mr. Jansen's claims against Mason County should be dismissed because it is not vicariously liable for Judge Cobb's actions and Mr. Jansen does not establish any county policy or custom of violating his rights. *Id*. at 2. Neither Mr. Jansen nor Defendants address Mr. Jansen's disability discrimination claims in their filings concerning Defendants' motion to dismiss. *See* Dkt. 14, 20, 23.

## II.   DISCUSSION

The Court limits its inquiry to Mason County's motion to dismiss because resolving the county's motion also resolves Mr. Jansen's motions for summary judgment.

### A.   Legal standard for motions to dismiss.

A party's "motion to dismiss for failure to state a claim" is governed by Federal Rule of Civil Procedure 12(b)(6) (also called a "Rule 12(b)(6) motion"). Under Rule 12(b)(6), the Court may dismiss a complaint that either fails to present a valid legal theory or that alleges a valid legal theory but fails to provide sufficient facts to support it. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

A complaint does not need "detailed" facts to survive a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it must contain facts that can plausibly support a claim "on its face" if the facts are accepted as true. *See Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). A claim is plausible "on its face" if the facts provided allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court accepts all factual allegations as true and draws all reasonable inferences in favor of the nonmoving party when evaluating a Rule 12(b)(6) motion. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Additionally, if a plaintiff is pro se, the Court "'construe[s] the pleadings liberally' and 'afford[s] the petitioner the benefit of any doubt.'" *Boquist*, 32 F.4th at 774 (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). But the Court does not assume the truth of legal conclusions presented as facts, *see Twombly*, 550 U.S. at 555, and mere conclusory statements are not enough to support a claim. *Iqbal*, 556 U.S. at 678. "A liberal construction of a pro se complaint [. . .] does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

If there are multiple defendants, the complaint must explain specifically what each defendant did rather than make general allegations against them as a group. *See In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018) ("Plaintiffs must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole.") (internal quotations and citation omitted).

B.   **Pro se claims can be amended to cure defects where possible.**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading only with the opposing party's written consent or the court's permission. *See* Fed. R. Civ. P. 15(a)(2).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT - 4

Courts "should freely give leave when justice so requires." *Id*. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se parties should be "freely given" the opportunity to amend unless there is undue delay, bad faith, or a repeated failure to fix defects—or unless it is impossible for any amendments to produce a viable claim. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

        **C.**      **Judicial immunity requires dismissal of the claims against Judge Cobb.**

Judges typically cannot be sued for judicial acts. *See Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 900 (2022). This principle is called judicial immunity. The Court evaluates if something is a judicial act based on whether: (1) it is a normal judicial function, (2) it took place within the judge's chambers, (3) it centered on a case pending before the judge, and (4) it arose directly out of confrontation with the judge in their official capacity. *Id*. (quoting *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)).

The Supreme Court has noted that even informal actions taken by a judge can be a "judicial act." *Id*. at 971. And even a judge's mistakes are covered under judicial immunity if the error related to the functions normally performed by a judge. *Id*. at 972. Allowing judges' errors to fall outside the scope of their job would fundamentally contradict the goal of judicial immunity, which is to allow independence to make decisions without fear of liability to "the grievances of litigants." *Id*. at 971.

In this case, Mr. Jansen argues that Judge Cobb erroneously allowed the underlying case to proceed, despite insufficient service of process, and then failed to terminate the case when the opposing corporate party admitted it lacked a business license. Dkt. 1 at 8. Mr. Jansen asserts that because these actions were wrongful, they were "out of the scope" of Judge Cobb's official judicial capacity and not covered by judicial immunity. Dkt. 20 at 3.

But Judge Cobb's management of the underlying case—including his alleged decisions to allow it to proceed regardless of service requirements or the licensing status of a corporate party—falls well within the general functions performed by a judge. It was Judge Cobb's capacity as a judge that required him to decide whether to proceed with or terminate the underlying case. This means Judge Cobb is covered by judicial immunity for those actions. Mr. Jansen cannot overcome Judge Cobb's judicial immunity simply by alleging Judge Cobb's decisions were wrongful. Accordingly, Mr. Jansen has failed to state a claim for Judge Cobb's actions in the underlying case and Defendants' motion to dismiss the claims against Judge Cobb is granted. This claim cannot be fixed by amendment because no additional facts or legal arguments would overcome Judge Cobb's judicial immunity. *See Foman*, 371 U.S at 182.

D.  **Mr. Jansen has not stated a constitutional claim against Mason County.**

Mr. Jansen's claims for violations of his constitutional rights are brought under 42 U.S.C. § 1983 (also referred to as "Section 1983"). A county can be liable under Section 1983 for violating constitutional rights if a plaintiff shows the county had a policy or custom of violating or acting with deliberate indifference to the plaintiff's rights. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690–91 (1978); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991). The plaintiff must show that: (1) a constitutional violation occurred and (2) county policy or custom was a "moving force" behind the violation. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). A county is not liable under Section 1983 simply because it employed someone who caused a constitutional violation. *See Lockett v. Cnty. of Los Angeles,* 977 F.3d 737, 741 (9th Cir. 2020) ("*Monell* claims cannot predicate [a] municipal[ity's] liability for constitutional violations of its officers under the theory of respondeat superior.").

Mr. Jansen claims that Mason County "allowed" constitutional violations against him to occur. Dkt. 1 at 9. Mr. Jansen also claims that Mason County is liable for the alleged wrongful

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT - 6

conduct of Judge Cobb because "the County of Mason is responsible for fifty percent of [Judge Cobb's] salary" and is therefore "under their direct employment." Dkt. 20 at 3–4. But as explained above, Mason County cannot be liable for any alleged constitutional violations by Judge Cobb simply because the County employed him. *See Lockett,* 977 F.3d at 741. Mr. Jansen has not identified a county policy or custom that caused a violation of his constitutional rights; instead, all his allegations against the County under Section 1983 are based on the actions of Judge Cobb. Accordingly, the Court dismisses Mr. Jansen's constitutional claims against Mason County. This claim cannot be fixed by amendment because no additional facts would make Mason County liable based on its employment of Judge Cobb. *See Foman*, 371 U.S at 182.

### E. Mr. Jansen has not stated an ADA claim against Mason County but may amend his complaint.

Section 12132 of the Americans with Disabilities Act ("ADA") forbids the exclusion of individuals with disabilities from participation in or receipt of benefits from "the services, programs, or activities of a public entity," and prohibits "discrimination by any such entity" based on disability. 42 U.S.C. § 12132. Washington state implements the ADA in state courts with Washington State General Rule 33, which requires "reasonable modifications in policies, practices, and procedures" in "each court service, program, or activity." Wash. Gen. R. 33. Requests for accommodation "should be made in advance whenever possible." *Id*.

A plaintiff can prove a public program or service violated Section 12132 of the ADA if he can show he is (1) a "qualified individual with a disability" who was, (2) excluded from or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against, (3) because of his disability. *Duvall*, 260 F.3d at 1135 (citing *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)). When a plaintiff "has alerted the public entity to his need for accommodation . . . the public entity is on notice that

an accommodation is required." *Id*. at 1139. Under the ADA, a public entity *can* be liable for the acts of its employees. *Id*. at 1141 (finding that a disabled individual presented sufficient evidence that county employees were deliberately indifferent to his need for accommodation). Judicial immunity, however, prevents the County for being liable for the actions of an employee if the employee is a judge and acting in that capacity. *See Lund*, 5 F.4th at 973. The County remains liable for the violations of any other employees.

Neither Mr. Jansen nor Defendants address his claim of disability discrimination in their filings on Defendants' motion to dismiss. But Mr. Jansen pled that Mason County failed to accommodate his disabilities and claims he submitted evidence of disability to Judge Cobb and the Mason County Superior Court. *See* Dkt. 1 at 14–15, 18, 51–56. Mr. Jansen's complaint focuses on Judge Cobb's actions, but the judge has judicial immunity.

Accordingly, the Court dismisses Mr. Jansen's disability discrimination claim for now. But "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (internal quotation marks and citation omitted). It is not "absolutely clear" that Mr. Jansen cannot amend his disability discrimination claim to fix the deficiencies identified in this Order and provide adequate facts for his ADA claim. Under *Lund*, the County is not liable under the ADA for acts of Judge Cobb that are shielded by judicial immunity. *See Lund*, 5 F.4th at 973. But it is possible Mr. Jansen could allege additional facts demonstrating the involvement of other County employees in the alleged failure to accommodate his disability. The Court therefore grants Mr. Jansen leave to amend his ADA claim.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. Dkt. 14. Mr. Jansen's claims against Judge Cobb and his Section 1983 claims against Mason County are DISMISSED with prejudice. The Court GRANTS Mr. Jansen leave to amend his complaint for his disability discrimination claim against Mason County. Mr. Jansen must file his amended complaint, with Mason County as the only defendant, by January 26, 2024. If Mr. Jansen does not file an amended complaint, the Court will close this case. Mr. Jansen's motions for summary judgment (Dkt. 12, 18) are DENIED as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of January, 2024.

Tiffany M. Cartwright
United States District Court Judge